# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| Amanda Biggs, | Case No. |
| Arrhya Long, | |
| Wes Long | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PUBLIC DISCLOSURE OF A PRIVATE FACT AND OTHER EQUITABLE RELIEF** |
| AND | |
| Juana Delacruz | |
| Plaintiffs, | |
| v. | **JURY DEMAND ENDORSED HEREIN** |
| Delaware Asset Management, LLC | |
| Defendant. | |

## PARTIES

1. Plaintiff, Amanda Biggs, ("Amanda"), is a natural person who resided in Denver, Colorado, at all times relevant to this action.

2. Plaintiff, Arrhya Long, Amanda's mother, ("Mother"), is a natural person who resided in Aurora, Colorado, at all times relevant to this action.

3. Plaintiff, Wes Long, Amanda's stepfather ("Stepfather"), is a natural person who resided in Aurora, Colorado, at all times relevant to this action.

4. Plaintiff, Juana Delacruz, Amanda's grandmother, ("Grandmother"), is a natural person who resided in Fort Morgan, Colorado, at all times relevant to this action.

5. Defendant, Delaware Asset Management, LLC, ("DAM"), is a New York Limited Liability Company that maintained its principal place of business in Newark, Delaware, at all times relevant to this action.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

7. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

8. At all times relevant to this action, DAM collected consumer debts.

9. DAM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. The principal source of DAM's revenue is debt collection.

11. DAM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

12. As described, *infra*, DAM contacted Mother, Stepfather and Grandmother to collect a debt that was incurred by Amanda primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

14. Amanda, Mother, Stepfather and Grandmother are "consumers" as defined by 15 U.S.C. §1692a(3).

15. On or around June 27, 2013, DAM telephoned Mother, in connection with the collection of the debt.

16. During this communication, Mother spoke with Vincent Chase, ("Vincent"), who identified himself as a paralegal, thus implying Vincent was calling from a law firm.

17. During this communication, Vincent disclosed to Mother that Amanda owed the debt.

18. During this communication, Vincent also spoke with Stepfather, in connection with the collection of a debt.

19. During this communication, Vincent disclosed to Stepfather that Amanda owed the debt.

20. At the time of this communication, Amanda, by chance, was at her parent's home.

21. Amanda does not live with her parents.

22. During this communication, Amanda spoke with Vincent, who again identified himself as a paralegal, thus again implying he was calling from a law firm.

23. DAM is not a law firm.

24. During this communication, Vincent threatened Amanda, Mother and Stepfather that Amanda was going to be taken to court if she didn't pay the debt.

25. During this communication, out of fear, Amanda offered to settle the debt for $400.

26. During this communication, Vincent stated he had to check with the attorneys to see if $400 was acceptable and then put Amanda on hold.

27. When Vincent returned to the phone, he stated the least amount DAM would accept was $500.

28. At this point, fearful of a lawsuit, the conversation ended as Amanda stated she would attempt to get the funds.

29. Soon after this communication ended, despite Amanda stating she would attempt to get the funds, Vincent telephoned Grandmother.

30. During this communication, Vincent threatened Grandmother by telling Grandmother if Amanda didn't pay the $500 now, Amanda would be taken to jail and Grandmother would be subpoenaed to testify against Amanda.

31. During this communication, Grandmother, was unaware Amanda was already attempting to obtain the funds.

32. During this communication, Grandmother, fearful of Amanda's well-being and being called to testify against Amanda, agreed to pay the $500.

33. DAM misrepresented itself as a law firm, by implying a lawsuit would be filed if Amanda didn't pay the debt.

34. DAM has not filed a lawsuit against Amanda.

35. DAM never intended to file a lawsuit against Amanda.

36. DAM caused incomprehensible stress, conflict and turmoil in the Plaintiffs' family unit.

37. DAM attempted to collect a debt from Amanda.

38. DAM violated the FDCPA.

## COUNT ONE

39. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

40. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

41. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

42. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

43. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

44. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

45. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

46. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Public Disclosure of a Private Fact

47. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

48. Defendant released information that was private to Amanda and concerned Amanda's private information about her financial situation to various parties.

49. The disclosure of Amanda's debt to Mother, Stepfather and Grandmother was highly offensive, embarrassing and terrifying.

50. This information is not of legitimate concern to the public.

51. Defendant is liable to Amanda for this Disclosure.

## COUNT SIX

### Intentional Infliction of Emotional Distress

52. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

53. Defendant engaged in conduct that was extreme and outrageous.

54. Defendant intended to cause or recklessly or consciously disregarded the probability of causing emotional distress.

55. As a result of Defendant's extreme conduct, Plaintiffs suffered severe emotional distress.

56. Defendant's conduct actually and proximately caused emotional distress.

## JURY DEMAND

57. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

58. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant in favor of Amanda for the Public Disclosure of a Private Fact.

   c. Judgment against Defendant in favor of each and every Plaintiff for Defendant's Intentional Infliction of Emotional Distress.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Jeffrey S. Hyslip
Hyslip & Taylor, LLC, LPA
917 W. 18th St., Suite 200
Chicago, IL  60608
Telephone: 312-380-6110
Fax:  312-361-3509
Email:  jeffrey@lifetimedebtsolutions.com
Attorney for Plaintiffs

Date: September 19, 2013